UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KATHY WOOD, *ET AL.*               )
                                   )
V.                                 )     NO. 2:11-CV-213
                                   )
COCKE COUNTY, TENNESSEE,            )
*ET AL.*                            )

## MEMORANDUM OPINION

Plaintiffs' core allegation in this case is that Cocke County has unlawfully refused to accept into its public road system the roads that serve plaintiffs' properties in Valley View Estates, a subdivision developed by Ricky Bryant. Plaintiffs advance three theories in support of their request that Cocke County should be compelled by this court to adopt those private roadways into the county system: (1) the county impliedly accepted the roadways into its public system; (2) the county's refusal to accept those roadways amounted to a denial of substantive due process; and (3) the county's refusal constituted a denial of equal protection of the laws. Of these, the first two were dismissed upon summary judgment. The parties proceeded to trial on the sole legal theory that the county's refusal to accept the roads into its public system amounted to a denial of equal protection.

Most of the facts developed at trial were essentially the same as those presented by the parties' statements of material facts filed with respect to the defendants' motion for summary judgment, which are recited in the court's memorandum opinion regarding that motion for summary judgment. Those facts are adopted by reference into this memorandum

opinion. Later in this opinion the court will recite the few additional facts proffered at trial that are germane to the equal protection issue.

> The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect's class, or intentionally treats one differently than other similarly situated without any rational basis for the difference.
>
> * * *
>
> A 'class of one' plaintiff may demonstrate that government action lacks a rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action is motivated by animus or ill-well.

*TriHealth, Inc. v. Board of Commissioners*, 430 F.3d 783, 788 (6th Cir. 2005).

The county's regulations – or specifications, if you prefer – for acceptance of private roadways into the county system are something of a red herring as far as this case is concerned. Those regulations supposedly constitute minimal requirements that a roadway must meet before it will be accepted into the public system. But meeting those specifications is no guarantee that roadways will be accepted into the public system. The decision to accept or not to accept a private road into the system ultimately is a matter of a vote of the county legislative body, regardless of whether the private roads meet existing regulations. The regulations or specifications legitimately could be viewed as a minimum requirement that a developer *should* meet, as opposed to *must* meet, before the county will consider a request to accept the roads into the public system. But in the final analysis, acceptance of roads is a matter of a majority vote of the governing body of the county, regardless of whether those roads meet any regulations promulgated by the county road department or even the county

2

legislative body itself.

What plaintiffs were told by Ricky Bryant before they purchased their lots regarding the county's ultimate acceptance of the roads cannot be imputed to the county. Further, no county official told any plaintiff at or before the time the plaintiffs purchased their lots in Valley View Estates that the county eventually would accept the roadways into the county system. To be sure, Road Superintendent Holloway *later* assured a plaintiff that the Valley View Estates roads would be taken into the county system, but his statements in that regard were all but meaningless since the decision was never his to make. The decision to accept or not to accept private roads into the county system always belonged to the county legislative body, irrespective of the road superintendent's wishes or recommendations.[1]

There could be no claim based on equal protection except for the county's acceptance of the roads in Applewood Estates. But disparate treatment does not itself constitute a denial of equal protection. To give rise to a denial of equal protection, the differing treatment must either be irrational, or motivated by ill-will.

There was no proof that the county's refusal to accept the Valley View Estates roads was because the county legislative body harbored animus against the plaintiffs in particular, or the residents of Valley View Estates in general. That leaves only the possibility that the

---

[1] Although estoppel is not alleged in this case, it bears noting that it requires exceptional circumstances in Tennessee before estoppel can be applied to a government agency, and it will be applied only when the party was induced to give up some property or right based upon the statements or representations of the agency. *See, Elizabethton Housing and Development Agency, Inc. v. Price*, 844 S.W.2d 614 (Tenn. App. 1992), and *State v. Howard*, 2 S.W.3d 245 (Tenn. Crim. App. 1999).

county's treatment of Applewood Estates on the one hand, and Valley View Estates on the other, lacked any rational basis.

Plaintiffs really are asking this court to base its decision in this suit on what it believes was fair or unfair treatment by the county. But that is not the criterion in an equal protection analysis. Legislative bodies enact laws and regulations all the time which could be said to be "unfair." Legislators often enact laws that result in a group of citizens getting treated differently than they were treated before the enactment of those new laws. It is not the differing treatment that is unconstitutional, but differing treatment that has no rational basis. In other words, "unfair" results can still have a rational basis. If there is a rational basis, the court has no business substituting its judgment for that of the legislative body:

> This standard of review is a "paradigm of judicial restraint," growing out of recognition that "equal protection is not a license for courts to judge the wisdom, fairness or logic of legislative choices." *Beach v. Communications* 508 U.S. at 313-314, 113 S.Ct. 2096. "The Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted." *Id*. at 314, 113 S.Ct. 2096 (quoting Vance v. Bradley, 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979)).

*TriHealth,* 430 F.3d at 791.

During the trial, the court remarked that Cocke County's financial inability to bring the roadways in Valley View Estates up to marginal specifications was not a factor that should be considered in the equal protection analysis. In retrospect, the court regrets that statement and now repents of it; stated simply, it was incorrect. The fact that Cocke County accepted Applewood Estates roads at a time it had the financial resources to do so, and then

4

later declined to accept Valley View Estates roadways because the county lacked the necessary funds, does not constitute a denial of equal protection. The lack of money to assume responsibility for the roadways and to bring them up to minimally acceptable standards was a rational basis upon which to base the county's decision to refuse to accept those roads. Cocke County declined to accept the roadways in Valley View Estates because it then lacked, and still lacks, the funds with which to repair those roads and thereafter maintain them. Disparate treatment based upon an intervening exhaustion of funds might be unfair, but it is not irrational.

Plaintiffs argue that the legislative body's decision to accept Applewood Estates roadways was based on the dismissal of Mr. Eslinger's Chancery Court lawsuit filed against the county, which is true enough. Plaintiffs further argue, at least implicitly, that they also have a lawsuit pending against the county, yet the county arbitrarily continues to refuse to accept Valley View Estates' roadways. This argument, of course, segues back into the question of available money with which to repair the roads and thereafter maintain them. It is the same issue stated in a different way. Also, Eslinger personally did a significant amount of work on Applewood's roads at his expense prior to the county's acceptance of those roads. As a result, Applewood's roads were not as degraded as those in Valley View Estates.

The County undeniably treated the roads in Valley View Estates differently from those in Applewood Estates. Perhaps that disparate treatment was unfair, but it was not irrational or arbitrary; it had a rational basis.

The outcome of this case is required, but that makes it no less unpleasant. These

plaintiffs are suffering from the combined actions of two people, or two sets of people. First, the evidence indicates that Ricky Bryant repeatedly told the plaintiffs what they wanted to hear without any intention of following through on his promises. Secondly, those who allowed or caused the heavy logging trucks to travel up and down the steep, graveled and *private* roads in Valley View Estates ruined those roads and it is these plaintiffs and other residents of Valley View Estates who are paying the price. Regardless, there is no basis to force upon the county the acceptance of these roadways for the reasons stated above.

Plaintiffs' suit will be dismissed and the Clerk will prepare a judgment accordingly.

SO ORDERED:

                s/ Dennis H. Inman
                United States Magistrate Judge